JUDGMENT: Affirmed
 OPINION
Appellant Charles C. Fiumera was convicted after bench trial in the Mount Vernon Municipal Court of a red light violation, in violation of Centerburg Ordinance 313.01. He was fined $25.00. He assigns two errors on appeal:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED BY RULING THAT THE CENTERBURG MUNICIPAL ORDINANCE 313.01 PROHIBITS A MOTORIST FROM ENTERING AN INTERSECTION ON A YELLOW LIGHT.
 II. THE VERDICT OF GUILTY IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
I. II.
We address both Assignments of Error together, as appellant does in his brief. Appellant first argues that the court misinterpreted the law concerning a motorist's right to enter the intersection under a yellow light. As stated by the trial court in her comments from the bench, she believed appellant's own testimony was sufficient to convict him, as he admitted to leaving the intersection under a red light. Appellant is correct that this interpretation of the law is incorrect, as the driver of a motor vehicle initially has the right of way if he enters an intersection under a yellow light. Hubbard vs. Luchansky (1995),102 Ohio App.3d 410, 415. The driver loses the right of way if he does not enter the intersection before the red light comes on. Id. However, despite the court's misstatement of the law in her comments from the bench, it is apparent that the evidence presented at trial was sufficient to support the finding of guilty. In considering a claim that a judgment is against the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether when resolving conflicts in the evidence, the trier of fact clearly lost its way. State vs. Thompkins (1997), 78 Ohio St.3d 380, 387. The discretionary power to grant a new trial should be exercised only in the exceptional case when the evidence weighs heavily against conviction. Id. Appellant maintains that the officer did not specifically state that the light was red when appellant entered the intersection. However, the officer did testify that he was in a stationary position, watching the intersection, when he observed the violation. He said he watched the light turn from green to yellow, and then to red, and observed appellant's vehicle go through the intersection on the red light. Tr. 6. The officer reiterated that when appellant went through the intersection, the light was red. The trier of fact could infer from the officer's testimony that appellant was not in the intersection at the time the light turned red. Further, appellant testified that as he approached the intersection, there was a Chevy Cavalier stopped in the intersection waiting to turn left. He said the situation was "tenuous," as he was not sure what oncoming traffic was going to do. He testified that as he was coming up on the intersection, a truck was coming the other way. The truck was unclear as to what the driver of the Cavalier was doing, and the driver of the Cavalier was not sure what the oncoming truck was doing. He claimed that when he entered the intersection, the light was yellow, or possibly green. He testified that he did not notice when the light turned red. The trial court could have disbelieved his testimony. As he later testified that the driver of the oncoming truck had stopped before he and the Cavalier proceeded through the intersection, the court could have concluded that the light was red at the time appellant reached the intersection. As appellant himself admitted that the situation in the intersection was confusing, the court could have disbelieved his testimony that he was watching the light to see what color it was when he was in the intersection. The Assignments of Error are overruled.
The judgment of the Mount Vernon Municipal Court is affirmed.
By: Reader, V.J. Wise, P.J. and Gwin, J. concur.